ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.M. Smucker Company, | ) | |
| | ) | CASE NO. 5:23CV607 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| ACE American Insurance Company, | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |
| | ) | (Resolves Doc. 39, 46) |

Pending before the Court is Defendant ACE American Insurance Company's ("ACE's") motion to stay and certify an interlocutory appeal. Doc. 39. Plaintiff J.M. Smucker Company ("Smucker") has moved to stay the Court's scheduling order pending resolution of this motion and its accompanying motion to dismiss. Doc. 46. The motion to stay the scheduling order is GRANTED. For the reasons stated below, the motion to certify an interlocutory appeal is GRANTED.

28 U.S.C. § 1292(b) guides the Court's decision and provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Sixth Circuit has noted as follows with respect to § 1292(b):

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used

only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.

*Kraus v. Bd. of Cty. Road Commissioners of Kent County*, 364 F.2d 919, 922 (6th Cir. 1966) (quoting *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431 (3rd Cir. 1958)). § 1292(b) is not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts. *Link v. Mercedes-Benz of North America, Inc.*, 550 F.2d 860, 863 (3d Cir. 1977).

"A question of law is 'controlling' if 'reversal of the district court's order would terminate the action.'" *Genentech, Inc. v. Novo Nordisk A/S*, 907 F.Supp. 97, 99 (S.D.N.Y. 1995) (citation omitted). Furthermore, "it is not enough that certification will not slow down this litigation; it must materially advance it." *See Isra Fruit Ltd. v. Agrexco Agricultural Export Co., Ltd.*, 804 F.2d 24, 26 (2d Cir. 1986) (denying certification where determination on appeal would result in no "appreciable saving of time"); *In re Korean Air Lines Disaster*, 83-8428, 1992 WL 558996 at *2 (S.D.N.Y. Nov. 19, 1992) (Motley, J.) (denying certification where interlocutory appeal would not expedite litigation)." *Id.* at 100.

Here, the parties appear to agree that a question of law that is controlling was decided when this Court resolved the parties' competing motions for partial summary judgment. Therein, the Court determined what "occurrences" meant under the policies at issues and the facts that were agreed upon. Moreover, there can be little doubt that resolution of this issue by the Sixth Circuit would materially advance this litigation. Reversal would effectively terminate this litigation by resolving the coverage issue in favor of ACE. Moreover, affirmance by the Circuit would eliminate a major obstacle to final resolution of the matter which would largely entail an accounting of Smucker's damages and little else.

Smucker, however, contends that ACE cannot demonstrate that there is a substantial ground for disagreement on the issue resolved by the Court.  The Court disagrees.  A nationwide search by the Court, and presumably the parties, revealed no case that matched the facts of this matter perfectly.  Moreover, the Court was required to venture outside the Sixth Circuit to find a matter similar enough to rely upon as persuasive authority.  As such, a decision by the Sixth Circuit involving this legal issue would be a matter of first impression under the unique set of facts that gave rise to this litigation.

While the Court is loathe to allow piecemeal litigation through interlocutory appeal, the facts and law presented by this matter compel the conclusion that an interlocutory appeal is both legally appropriate and the best use of both the Court's and the parties' resources.  Accordingly, the motion to stay the Court's scheduling order (Doc. 46) is GRANTED, and the motion to certify an interlocutory appeal (Doc. 39) is GRANTED.[1]

IT IS SO ORDERED.


January 8, 2025  
Dated

/s/ John R. Adams  
JUDGE JOHN R. ADAMS  
United States District Judge

---

1 ACE's relation motion to dismiss (Doc. 38) is denied without prejudice subject to refiling, if appropriate, following conclusion of the appeal.